**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES E. RYAN,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0376** (BOR Appeal No. 2052303)
                         (Claim No. 2015011357)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CENTRE FOUNDRY & MACHINE,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Charles E. Ryan, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

The issue on appeal is whether a permanent partial disability award should be credited toward an overpayment. The claims administrator granted a 20% permanent partial disability award on August 3, 2015, but deducted the entire award due to an overpayment in a prior claim. The Office of Judges affirmed the decision in its October 16, 2017, Order. The Order was affirmed by the Board of Review on March 27, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Ryan, a foundry worker, developed occupational pneumoconiosis in the course of his employment. The claims administrator granted a 20% permanent partial disability award but it deducted the entire award due to an overpayment in claim number 200056038. Claim number 200056038 arose from a March 24, 2000, compensable injury. Mr. Ryan collected temporary total disability benefits from July 7, 2000, through May 2, 2002, in claim number 200056038. He was then subsequently awarded temporary total disability benefits from December 26, 2000, through May 3, 2001, again for claim number 200056038, this time by the Office of Judges in an Order dated October 3, 2001. That Order was reversed by the Board of Review on May 9, 2002, and temporary total disability benefits were denied. Mr. Ryan did not appeal that decision.

On May 13, 2002, the claims administrator issued two decisions. The first acknowledged the Board of Review's decision denying temporary total disability benefits in claim number 200056038. This Order was not appealable. The second decision issued an overpayment of $42,861.17 for temporary total disability benefits paid from June 19, 2000, through May 2, 2002. The decision referenced the May 9, 2002, Board of Review decision and listed the claim number as 200056038. This Order was not appealable.

On June 4, 2002, the claims administrator credited $13,387.49 to the overpayment. On February 25, 2005, the claims administrator granted Mr. Ryan a 1% permanent partial disability award in claim number 2001000380. Mr. Ryan was granted $1,336.00, which was credited toward the overpayment. In the instant claim, Mr. Ryan was granted a 20% permanent partial disability award for occupational pneumoconiosis on August 3, 2015. However, the entire amount, $26,720.00, was credited toward the overpayment that still existed in claim number 200056038. A financial history printout was submitted by the claims administrator for claim number 200056038. It showed an overpayment of $42,861.17. It also listed credits of $1,336.00 and $13,199.23. This left $28,325.94 in outstanding overpayment.

The Office of Judges affirmed the claims administrator's decision granting 20% permanent partial disability and crediting the entire amount toward the overpayment in its October 16, 2017, Order. It noted that West Virginia Code §23-4-1c(h) (2009) provides that when a claimant has been found to not be entitled to previously granted temporary total disability benefits or expenses, a credit shall be granted to the employer's account with the amount of overpayment. The employer may then recover the amount of overpaid benefits or expenses by withholding future disability benefit payments to the individual in the same or other claims until the overpayment is repaid in full. In this case, the Office of Judges determined that it was too late for Mr. Ryan to argue that he was not overpaid in claim number 200056038. A preponderance of the evidence shows that he was awarded $42,861.17 in overpayments. Though the overpayment Order was not appealable, the Board of Review decision that it was based upon was. Therefore, if Mr. Ryan wished to challenge the decision, he should have filed an appeal to the May 9, 2002, Board of Review decision.

Mr. Ryan further argued before the Office of Judges that temporary total disability benefits made payable pursuant to a claim which was initially approved but then rejected cannot be collected pursuant to *Ward v. M&G Polymers*, No. 12-0738 (W.Va. Jan. 14, 2014)

(memorandum decision). However, no evidence was submitted showing that claim number 200056038 was rejected or that temporary total disability benefits were granted due to a faulty compensability Order. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 27, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Ryan had an outstanding overpayment and West Virginia Code §23-4-1c(h) provides that future disability benefit payments may be withheld until the overpayment is repaid in full. It was therefore proper for his 20% permanent partial disability award, $26,720.00, to be credited toward the overpayment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3